IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEPHREN THOMAS, §
Dallas Cnty. Jail Bookin No. 20008708, §
§
Petitioner, §
§
V. § No. 3:20-cv-1258-C-BN
§
MARIAN BROWN, Dallas County §
Sheriff, §
§
Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Kephren Thomas is detained pretrial at the Dallas County jail,

indicted in state court for murder. *See State v. Thomas*, No. F20-36078 (Crim. Dist.

Ct. No. 6, Dallas Cnty., Tex.). He was booked into the jail on February 22, 2020 and

is represented by court-appointed counsel in his pending felony prosecution.

Thomas has now filed a *pro se* habeas petition under 28 U.S.C. § 2254,

asserting that he should be released considering the ongoing COVID-19 pandemic.

*See* Dkt. No. 3 & 4. Thomas also moves for a temporary restraining order/preliminary

injunction. *See* Dkt. Nos. 6 & 7.

This resulting action has been referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from Senior United States District Judge Sam R. Cummings.

First, relief under Section 2254 is not available to Thomas, as he is not "in

custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). But Section

2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

And "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Thomas's incarceration in Dallas County satisfies the initial "in custody" requirement. *See id.*

But he must also exhaust his "available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a

> currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

As multiple federal courts have recognized, "the COVID-19 pandemic presents an extraordinary and unique public-health risk to society, as evidenced by the unprecedented protective measures that local, state, and national governmental authorities have implemented to stem the spread of the virus." *E.g., Sacal-Micha v. Longoria*, ___ F. Supp. 3d ____, No. 1:20-CV-37, 2020 WL 1518861, at *6 (S.D. Tex. Mar. 27, 2020). But, considering the facts that Thomas presents in his construed Section 2241 petition, the pandemic alone does not "show 'exceptional circumstances of peculiar urgency'" that excuse "the exhaustion requirement" in the context of this case. *Ray*, 2006 WL 2842122, at *1 (quoting *Deters*, 985 F.2d at 795); *cf. Evil v. Whitmer*, No. 1:20-cv-343, 2020 WL 1933685, at *1, *3-*4 (W.D. Mich. Apr. 22, 2020) (concluding that a jail detainee who alleged he was "medically fragile – and particularly susceptible to respiratory infection" – seeking relief based on "the risks of infection with the COVID-19 virus in the jail environment" could not pursue "relief

under § 2241 … until after [he] pursued his state court remedies").

And Thomas may still pursue remedies related to pretrial release based on COVID-19 in state court – for example, to the extent that he is being detained without bond, he could, through his court-appointed counsel, file a direct appeal. *Cf. Williams v. Texas*, Civ. A. No. H-20-1352, 2020 WL 2061520, at *2 & n.3 (S.D. Tex. Apr. 29, 2020) ("Public records reflect that Williams, who has a lengthy record of criminal offenses, is represented by counsel in his state court proceeding, which remains ongoing. Counsel has filed a motion requesting that Williams be released on bond due to concerns about COVID-19, but the trial court has not yet ruled on that request. Williams has not otherwise exhausted available state court remedies for purposes of seeking habeas review under 28 U.S.C. § 2241." (footnote omitted; further explaining available state court remedies: "A Texas pretrial detainee who has been denied bond may file a direct appeal with the Texas Court of Criminal Appeals. *See* TEX. CONST. art. 1 § 11a(a). Likewise, a Texas pretrial detainee who complains about the amount of his bond may file an application for writ of habeas corpus to raise pre-conviction issues with the judge of the court in which he has been indicted. *See* TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals." (citations omitted)).

Thomas has therefore also failed to make the second showing – that state remedies are exhausted. And, for the same reason, the Court should deny Thomas's request for preliminary injunctive relief.

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, a plaintiff must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

This is a "difficult" and "stringent" standard for the movant to meet, and the movant bears "the burden of establishing each element." *Whitaker v. Livingston*, 732 F.3d 465, 469 (5th Cir. 2013); *Janvey v. Alguire*, 647 F.3d 585, 591, 595 (5th Cir. 2011). The United States Court of Appeals for the Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield*, 577 F.3d at 253 (internal quotation marks omitted). "The failure of a movant to establish one of the above four elements will result in the denial of a motion for temporary injunction." *Medlin v. Palmer*, 874 F.2d

1085, 1091 (5th Cir. 1989).

As other district courts have recently concluded, even given the particular exigencies of the COVID-19 pandemic, a Section 2241 petitioner's failure to exhaust available state court remedies prevents a district court from finding that he has shown that there is a substantial likelihood that he will currently prevail on the merits of his habeas claims, and a court need not examine the remaining three requirements. *See, e.g., Swain v. Junior*, ___ F. Supp. 3d ___, No. 1:20-cv-21457-KMW, 2020 WL 2078580, at *20 (S.D. Fla. Apr. 29, 2020) ("Plaintiffs have not made a 'clear showing' that they have exhausted their available state court remedies, a necessary prerequisite for injunctive relief on their 2241 claim. The Court need not reach the other three factors of the injunction analysis because Plaintiffs have not shown a likelihood of success on their 2241 habeas claim at this time." (citing *Money v. Pritzker*, ___ F. Supp. 3d at ___, Nos. 20-cv-2093 & -2094, 2020 WL 1820660, at *21 (N.D. Ill. Apr. 10, 2020) (similarly denying habeas relief to a class of Cook County Section 2241 petitioners, finding that "Plaintiffs have not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so"); footnote and citation omitted)), *granting stay pending appeal*, ___ F.3d ___, No. 20-11622-C, 2020 WL 2161317 (11th Cir. May 5, 2020) (per curiam).

## Recommendation

The Court should deny Petitioner Kephren Thomas's request for preliminary injunctive relief and dismiss the pending habeas action, construed as brought under

28 U.S.C. § 2241, without prejudice to Thomas's right to pursue available state court remedies.

 A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 DATED: May 19, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE